FLECK & HILLMAN, Plaintiff, *v*. WABASH RAILWAY COMPANY, Defendant.

First Department, March 17, 1922.

Bills of lading — action against carrier on straight bill of lading delivered to plaintiffs, named as consignees, on payment of draft — carrier liable where it struck out name of consignees in way bills and substituted name of shipper without return of original bill of lading — carrier estopped from denying representations in bill of lading.

A carrier of freight is liable to the consignees named in a straight bill of lading, where it appears that the shipper of the goods sent the original bill of lading, with a draft attached, through the banks and the consignees paid the draft and received the bill of lading, but that before the goods were actually shipped by the carrier, the latter, at the instance of the shipper and without the return of the original bill of lading struck out the name of the original consignees from the way bills and substituted the name of the shipper as consignee and rebilled the goods to another point of destination and there delivered them to the shipper, and the consignees have not been reimbursed by the shipper for the payment of the draft.

When the original consignees received the bill of lading they had the right to rely upon the representations on the part of the defendant expressed therein that the goods had been shipped to them, and it was upon the strength of such representations that they paid the draft drawn against them, and under the principle of law that where one of two innocent parties must suffer, the loss should fall upon the party who was originally responsible for causing it, the carrier should be held liable for the loss.

Moreover, the carrier is estopped from denying the representations contained in the bill of lading and is answerable in damages for the consequences which resulted from its own act.

SUBMISSION of a controversy upon an agreed statement of facts pursuant to section 546 of the Civil Practice Act.

*Blauvelt & Warren* [*Joseph A. Warren* of counsel], for the plaintiff.

*Pierce & Greer* [*H. Brua Campbell* of counsel; *F. C. Nicodemus, Jr.*, with him on the brief], for the defendant.

GREENBAUM, J.:

The facts are that on March 25, 1920, the firm of Brockmiller & Eye Company at St. Louis delivered a carload of live poultry to the defendant for which it issued to said firm a straight bill of lading covering the shipment and in which the plaintiff was named as consignee. The bill of lading was delivered by the defendant to Brockmiller & Eye Company on March 25, 1920, who on the same date delivered it to the First National Bank of St. Louis with an attached draft of $3,000 drawn on the plaintiff as consignee with the request that the documents be forwarded to the Irving National Bank of the City of New York. The draft in due course was presented to the plaintiff who paid the full amount thereof and received the bill of lading. It also appears that on March 25, 1920, after the carload of poultry was loaded, Brockmiller & Eye Company telephoned to the defendant's chief bill clerk having charge of the shipment and instructed him to cancel the shipping instructions and ship the carload to Brockmiller & Eye Commission Company at Pittsburgh, Penn., as consignee instead of to the plaintiff.

The defendant's agent was told that the original bill of lading would be returned to him for correction. That, however, was never done. The defendant without notice to the plaintiff shipped the goods in accordance with the foregoing telephone instructions and did not forward them to the plaintiff. At the time that the bill of lading was issued, it was the understanding between Brockmiller & Eye Company and the plaintiff that said carload of poultry would be forwarded by the former to the latter at New York to be sold on commission for the account of the consignors and it is agreed that plaintiff at the time of paying the draft understood that said amount of $3,000 so paid was to be regarded

as an advance on account of the proceeds to be derived from the sale of the consigned poultry and was to be deducted from the gross proceeds realized from their sale in New York by plaintiff when making its returns to consignors.

The submission states that the defendant Wabash Railway Company had no knowledge or information of the agreement between Brockmiller & Eye Company and plaintiff concerning the shipment or draft.

It further appears that when plaintiff learned that said car of poultry had not been shipped to New York it entered into correspondence with Brockmiller & Eye Company as a result of which there was forwarded to plaintiff a check for the sum of $3,000 payable to its order drawn on the Laclede Trust Company of St. Louis. The check, however, was protested on account of insufficient funds and was never paid and the plaintiff has never been reimbursed by any one for the payment of the $3,000.

The submission also sets forth that the chief bill clerk of the Wabash Railway Company pursuant to the request of Brockmiller & Eye Company changed the original way bills by striking out the name of plaintiff as consignee and inserting instead thereof " Brockmiller & Eye Commission Company, Pittsburg, Pa."

When the plaintiff paid the draft attached to the bill of lading which was issued by the defendant, plaintiff became *pro tanto* owner of the shipment or rather lienor having a factor's lien thereon to the extent of its advances. By taking a bill of lading in the name of the consignees the shipper vested apparent title in them. (6 Cyc. 426.) The defendant draws a distinction between a straight bill of lading such as the one under consideration and a negotiable bill.

We may assume the distinction between negotiable and non-negotiable bills of lading. We are, however, here concerned with the act of the defendant railway company in changing the way bills contrary to the provisions of the original and only outstanding bill of lading. There is no doubt that if the consignor had surrendered the bill of lading to the defendant, the latter could without injury to a third party change it or reissue a new bill. In the instant case the defendant without a return to it of the original bill changed the way bills by crossing out the name of the plaintiff and substituting the names of the consignor as consignee. When the plaintiff received the bill of lading it had the right to rely upon the representations on the part of the defendant expressed therein that the carload of poultry had been shipped to it. It was upon the strength of such representations that it advanced the $3,000. Under the familiar principle of law that where one

of two innocent parties must bear a loss, the loss should fall upon the party who was originally responsible for causing it, the defendant should be held liable for the loss.

Moreover the defendant is estopped from denying the representations contained in the bill of lading and is answerable in damages for the consequences which resulted from its own act.

Judgment for the plaintiff with costs.

CLARKE, P. J., DOWLING and SMITH, JJ., concur; PAGE, J., concurs in result.

Judgment ordered for plaintiff, with costs. Settle order on notice.